FILED - GR
August 7, 2008 2:46 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __ald____ /_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Walter Taylor,<br><br>      Plaintiff,<br><br>v.<br><br>Financial Recovery Services, Inc.,<br>a Minnesota corporation,<br><br>      Defendant. | Hon. **1:08-cv-741**<br>**Paul L Maloney**<br>**Chief U.S. District Judge** |

**Complaint**

**I.     Introduction**

1.     This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**II.    Jurisdiction**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.     Plaintiff Walter Taylor is a natural person residing in Kent County, Michigan. Mr. Taylor is a "person" as the term is used in the FDCPA.

4.     Defendant Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation,

1

with offices at 4640 West 77th Street, Suite 300, Edina, Minnesota 55435. The registered agent for FRS in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. FRS is a "debt collector" and "person" as the terms are defined and used in the FDCPA. FRS is licensed (No. 24010015090) by the State of Michigan to collect debts in Michigan.

## IV.    Facts

5.    On July 28, 2008, FRS left the following voice message on Mr. Taylor's residential telephone answering machine: "This confidential phone message is meant totally for Donald Ritsema. My name is Diana Smith. If you're not Donald Ritsema, do not listen to this message, there will be a brief pause before the remainder of this message. [Pause of less than two seconds] The law requires that I notify you that I am calling from Financial Recovery Services, a debt collection company, this is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me back at 1-866-522-9393, reference to account PR6242. My number again is 1-866-522-9393.

6.    FRS wrongfully communicated to Mr. Taylor that FRS is a debt collector and that FRS was attempting to collect a debt from Mr. Ritsema, violating 15 U.S.C. § 1692b.

7.    On July 29, 2008 at approximately 8:50 a.m., Mr. Taylor received a telephone call at his residence from a FRS employee identified as Brad. The FRS employee asked to speak with Donald Ritsema. Mr. Taylor stated that he did not reside with Mr. Ritsema and that Mr. Ritsema lived in a separate, nearby apartment. The FRS employee asked Mr. Taylor for Mr. Ritsema's telephone number. Mr. Taylor stated that Mr. Ritsema did not have a telephone. The FRS employee asked Mr. Taylor to deliver a message to Mr. Ritsema to call Brad from FRS at 1-

2

866-522-9393 in regard to some settlement documents that FRS had mailed to Mr. Ritsema.

8. Mr. Taylor does not reside with Mr. Ritsema.

9. Mr. Taylor is not related to Mr. Ritsema.

10. Mr. Taylor does not share a telephone line with Mr. Ritsema.

11. Mr. Taylor's residential telephone number and the related account are in his name alone.

12. Mr. Taylor's residential telephone number and the related account are not linked in any way to the name, Donald Ritsema.

13. The FDCPA states that a debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

14. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

15. FRS wrongfully communicated with Mr. Taylor for a purpose *other than* to acquire location information. Namely, FRS wrongfully turned Mr. Taylor into a *de facto* debt collector for FRS by asking Mr. Taylor to deliver a message to Mr. Ritsema.

16. FRS harassed Mr. Taylor in connection with the collection of a debt.

17. FRS annoyed Mr. Taylor in connection with the collection of a debt.

18. The natural consequence of FRS's conduct was to harass and annoy Mr. Taylor.

19. It was unfair and unconscionable for FRS to communicate with Mr. Taylor regarding Mr. Ritsema for a purpose *other than* to acquire location information. Namely, it was unfair and unconscionable for ARM to have Mr. Taylor deliver messages to Mr. Ritsema in an

effort to collect a debt.

20.  FRS willfully used unlawful debt collection methods, acts and practices. FRS willfully violated the FDCPA and MCPA.

21.  As an actual and proximate result of the acts and omissions of FRS and its employees, Mr. Taylor has suffered actual damages and injury, including but not limited to, embarrassment, mental anguish, emotional stress and suffering for which he should be compensated in an amount to be established at trial and by jury.

**V.  Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

22.  Plaintiff incorporates the foregoing paragraphs by reference.

23.  Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

- a)  Defendant violated 15 U.S.C. § 1692b by communicating with plaintiff for purposes *other than* to acquire location information and by communicating with plaintiff more than once;

- b)  Defendant violated 15 U.S.C. § 1692c(b) by communicating with plaintiff for purposes *other than* to acquire location information;

- c)  Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

- d)  Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted

        collection of a debt; and

e)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d)     A declaration that defendant's practices violate the FDCPA; and

e)     Such further relief as the court deems just and proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: August 7, 2008

                                                    _____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com